101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Plaintiff-Appellee,
v.
ALL RIGHT, TITLE AND INTEREST IN A 30 ACRE PARCEL OF LAND,
MORE OR LESS, and Appurtenances Thereto, Known As Breezy
Hill Road, City of Parksville, Town of Liberty, Sullivan
County, New York, Defendant,
Joel M. Proyect, Claimant-Appellant.
 No. 95-6072.
 United States Court of Appeals,
Second Circuit.
 July 15, 1996.
 
 Ronald DePetris, DePetris & Bachrach, New York City, for Appellant.
 Bart G. Van De Weghe, Assistant United States Attorney for the Southern District of New York, New York City, for Appellee.
 Present: McLAUGHLIN, LEVAL, CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Joel Proyect appeals from the district court's denial of his Rule 60(b) motion, in which he sought to re-open a final judgment of forfeiture on the ground that the forfeiture violated the Double Jeopardy Clause of the Fifth Amendment.
 
 
 4
 The facts underlying Proyect's motion are as follows: On August 7, 1991, law enforcement officers executed a search warrant for a thirty-acre parcel of Proyect's property located on Breezy Hill Road in Sullivan County, New York. During the search, the officers found extensive evidence of marijuana cultivation and arrested Proyect. That day the government also instituted a civil in rem action, seeking the forfeiture of the Breezy Hill property under 21 U.S.C. § 881(a)(7), which provides for the forfeiture of real property "used ... in any manner or part, to commit, or to facilitate the commission of," a federal drug felony.
 
 
 5
 On February 5, 1992, Proyect signed a plea agreement in which he agreed to plead guilty to manufacturing marijuana and not to contest the civil forfeiture. Thereafter, he was sentenced to the mandatory minimum five years imprisonment, followed by four years supervised release. On February 7, 1992, Proyect signed a consent order, in which he agreed to pay the government $170,000 or forfeit the property. Proyect later admitted that he was unable to pay the $170,000. On June 17, 1993, the district court entered a final order and judgment of forfeiture, forfeiting the Breezy Hill property to the government.
 
 
 6
 In January of 1995, Proyect brought a Rule 60(b) motion, seeking to reopen the order of forfeiture, arguing that the forfeiture of his property after the imposition of criminal penalties for the same conduct violated the Double Jeopardy Clause. The district court denied the motion, and Proyect appeals.
 
 
 7
 The Double Jeopardy Clause provides that "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const., Amdt. 5. The Clause "protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." Department of Revenue of Montana v. Kurth Ranch, 114 S.Ct. 1937, 1941 n. 1 (1994) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). Proyect claims that the forfeiture of his property constitutes a second punishment for the same offense and thus violates the Double Jeopardy Clause.
 
 
 8
 This argument must fail. The Supreme Court held this term that civil forfeitures under 21 U.S.C. § 881(a)(7), the statue under which Proyect's property was forfeited, do not constitute punishment and therefore, when coupled with a criminal conviction, do not run afoul of the Double Jeopardy Clause. United States v. Ursery, 1996 WL 340815, at * 3, * 16 (S.Ct. June 24, 1996).
 
 
 9
 We therefore affirm the decision of the district court.